UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN LOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-04157-JEH |
| | ) |
| | ) |
| GEORGE DAVIDSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This cause is before the Court on Plaintiff John Loy's motion to compel.

Plaintiff has filed the instant motion, pursuant to Federal Rule of Civil Procedure 37, asking the Court to compel Defendants to respond to and to supplement their responses to his discovery requests. Plaintiff argues that Defendant Cheryl Hinthorne's discovery responses are non-answers and demonstrate her bias and prejudice against him. As for Defendant George Davidson, Gale Pool, and Greg Donathan, Plaintiff asserts that these Defendants have failed to respond to his discovery requests whatsoever, and the time for them to do so has passed. Accordingly, Plaintiff asks the Court to order Defendant Hinthorne to supplement her answers to his discovery requests, and he asks the Court to order the remaining Defendants to respond to his discovery requests.

Defendants have not responded to Plaintiff's motion to compel, and the time for them to have done so under the Court's Local Rule has passed. Therefore, the Court presumes that Defendants do not object to Plaintiff's motion. *See* Local Rule

7.1(B)(2) ("If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties.").

As for his motion to compel directed towards Defendant Cheryl Hinthorne, Plaintiff's motion is denied. Although it is true that she asserted objections to Plaintiff's discovery requests, Defendant Hinthorne also answered Plaintiff's interrogatories. Plaintiff simply does not like or agree with Defendant Hinthorne's answers, but Plaintiff's disagreement with Defendant Hinthorne's discovery responses is not grounds to grant his motion to compel or to require her to supplement her answers.

In response to Interrogatory Number One, Defendant Hinthorne states that she has been sued over twenty (20) times in the last twenty (20) years. The Court believes that this response adequately answers the question asked by Plaintiff. As for Plaintiff's question asking Defendant Hinthorne to provide a "short history" of each lawsuit, it is unclear the purpose of this request because the Court cannot readily see the relevance that any other lawsuit would have to this lawsuit. Fed. R. Civ. P. 26(b)(1). Given the apparent lack of relevance, the Court also finds that Plaintiff's request that Defendant Hinthorne detail the nature of the other suits in which she has been involved is not proportional to the needs of this case. *Id*.

In response to Interrogatory Number Two, Defendant Hinthorne adequately detailed her employment history in response to Plaintiff's question. In addition, Defendant Hinthorne sufficiently provided the reason(s) why she left each employment position listed. Plaintiff's queries as to why Defendant Hinthorne left her prior jobs do not constitute grounds for supplementation. Moreover, Plaintiff did not ask about Defendant Hinthorne's reasons for leaving her prior jobs in his original interrogatory as he does in his motion to compel.

In response to Interrogatory Number Four, Defendant Hinthorne answered the question asked by Plaintiff. Plaintiff's contention that Defendant Hinthorne

should know more information does not constitute grounds for supplementation. Defendant Hinthorne answered the specific question asked, and that is all that she is required to do.

In response to Interrogatory Number Five, Defendant Hinthorne represented that she has never used the Westlaw or FOIA computers that are available at the Rushville Treatment Center. Therefore, Defendant Hinthorne would not have reason to know if the instructions provided for those computers are adequate, which makes her answer proper. The Court fails to see how Defendant Hinthorne's response to this Interrogatory is inadequate.[1]

As for his motion to compel directed towards the remaining Defendants, Plaintiff's motion is granted. As noted *supra*, Defendants George Davidson, Gale Pool, and Greg Donathan have not responded to Plaintiff's motion to compel. In his motion to compel, Plaintiff represents that these Defendants have not timely responded his discovery request directed towards them. Based upon a lack of a response to Plaintiff's motion, the Court presumes that these Defendants do not object to Plaintiff's motion, and the motion is granted.

**IT IS, THEREFORE, ORDERED:**

**1.      Plaintiff's motion to compel [36] is GRANTED, in part, and DENIED, in part.**

**2.      Plaintiff's motion to compel Defendant Hinthorne to supplement her discovery responses is denied.**

---

[1] Plaintiff also moves the Court to compel Defendant Hinthorne to supplement her other discovery responses by arguing that her responses are "more of the same." However, the Court will not conduct an independent review of Defendant Hinthorne's discovery responses without Plaintiff first providing the basis or reason(s) why he believes her discovery responses are inadequate or violate her obligations under the Federal Rules of Civil Procedure.

      3.      **Plaintiff's motion to compel Defendant George Davidson, Gale Pool, and Greg Donathan to answer his discovery requests is granted.**

      4.      **Accordingly, Defendants Davidson, Pool, and Donathan are ORDERED to respond to Plaintiff's discovery requests—that are attached to and that are referenced in his motion to compel—withing twenty-one (21) days from the date of this Order.**

*It is so ordered.*

Entered: July 7, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge