UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN LOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-04157-JEH |
| ) | |
| ) | |
| GEORGE DAVIDSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Order**

This cause is before the Court on Plaintiff John Loy's motion for sanctions.

On July 8, 2025, Plaintiff filed a motion under Federal Rule of Civil Procedure 37 asking the Court to compel Defendant Greg Donathan to respond to his discovery requests that he sent to Defendant Donathan on January 28, 2025, and on April 3, 2025. According to Plaintiff, Defendant Donathan had failed to respond to his discovery requests despite his attempts to communicate with defense counsel to obtain Defendant Donathan's discovery responses.

Defendant Donathan did not respond to Plaintiff's motion to compel as required by the Court's Local Rule. *See* Local Rule 7.1(B)(2). Accordingly, the Court granted Plaintiff's motion to compel on July 23, 2025, and the Court ordered Defendant Donathan to provide his discovery responses to Plaintiff's January 28, 2025 and April 3, 2025 discovery requests to Plaintiff on or before August 6, 2025.

Plaintiff has now filed a motion asking the Court to sanction Defendant Donathan for failing to provide his discovery responses as ordered by the Court on July 23, 2025. According to Plaintiff, Defendant Donathan and his counsel have

1

wholly ignored the Court's July 23, 2025 Order and their discovery obligations under the Federal Rules of Civil Procedure. Accordingly, Plaintiff asks the Court to sanction Defendant Donathan and his counsel in the amount of $1,000.00 each.

As he did with Plaintiff's motion to compel, Defendant Donathan has not responded to Plaintiff's motion for sanctions, and the time for him to do so under the Local Rule has passed. Therefore, the Court presumes that Defendant Donathan does not object to Plaintiff's motion. *See* Local Rule 7.1(B)(2) ("If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties.").

However, the imposition of the sanction sought by Plaintiff is harsh under the circumstances, especially in light of the fact that Plaintiff has failed to demonstrate how he has been prejudiced or that he incurred any expenses in having to file his motions. Fed. R. Civ. P. 37(a)(5)(A) (providing that "reasonable expenses incurred in making the motion" are compensable). In any event, "whether to sanction and the sanction to be imposed are decisions entrusted to the [broad] discretion of the district court." *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990).

Here, the Court will give Defendant Donathan and his counsel one more opportunity to comply before imposing sanctions against them.

**IT IS, THEREFORE, ORDERED:**

**1.    Plaintiff's motion for sanctions [42] is DENIED with leave to renew, as necessary.**

**2.    Accordingly, Defendant Greg Donathan is ORDERED to respond to Plaintiff's discovery requests—that he served upon Defendant Donathan on January 28, 2025 and April 3, 2025—as previously ordered by the Court in its July 23, 2025 Order.**

3. Defendant Donathan is ORDERED to provide his discovery responses to Plaintiff within twenty-one (21) days from the date of this Order.

4. Defendant Donathan's failure to provide his discovery responses timely to Plaintiff as ordered by the Court could result in the Court imposing sanctions against Defendant Donathan and his counsel for failure to comply with the Court's Orders.

*It is so ordered.*

Entered: September 4, 2025

s/Jonathan E. Hawley
U.S. District Judge